UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JENNIFER BROOKS, an individual,

Plaintiffs,

vs.

MERCEDES-BENZ USA, LLC, a
Delaware Limited Liability
Company, and DOES 1 through 10,
inclusive,

Defendants.

Case No.: 3:23-cv-01214-BEN-BLM

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS PORTIONS OF
PLAINTIFF'S FIRST AMENDED
COMPLAINT**

**[ECF No. 12]**

Jennifer Brooks ("Plaintiff") brings her First Amended Complaint ("FAC") against Mercedes-Benz USA, LLC ("Defendant") for three alleged breaches of the Song-Beverly Consumer Warranty Act, California Civil Code sections 1790, *et seq.* (the "Act"). ECF No. 10.

Before the Court is Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint (the "Motion"). ECF No. 12. The motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 17. After considering the papers submitted and applicable law, the Court **GRANTS** Defendant's Motion.

## I.    BACKGROUND

On July 3, 2022, Plaintiff purchased a 2022 Mercedes-Benz EQS450V (the "Subject Vehicle"), a car for which Mercedes-Benz issued a written warranty.  ECF No. 10, FAC ¶¶ 13, 17.  The Subject Vehicle was sold with a four-year and 50,000-mile Basic Warranty, which covered vehicle parts and powertrain.  FAC ¶ 18.  The Subject Vehicle was also sold with a Supplemental Restraint System Limited Warranty (which covered five years or 60,000 miles) and a Battery and Drive Unit Warranty (which covered eight years and unlimited miles).  *Id.*

Plaintiff presented the Subject Vehicle to Mercedes-Benz of Carlsbad for repairs on six separate occasions between August 2022 and June 2023.  FAC ¶¶ 20-25.  The Subject Vehicle had reoccurring problems with the multimedia system, brakes, door handles, and HVAC system.  *Id.*  Plaintiff alleges none of the repair attempts conformed the Subject Vehicle to warranty.  FAC ¶ 26.

## II.    LEGAL STANDARDS

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a plausible claim.  *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint may survive a motion to dismiss only if, taking all well pled factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A motion to dismiss tests the "legal sufficiency" of the complaint.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-2000 (9th Cir. 2003).

Where a motion to dismiss is granted, leave to amend should be liberally allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### III.   <u>DISCUSSION</u>

Defendant moves to dismiss Plaintiff's third claim under the Song-Beverly Act, arising under California Civil Code section1793.2(b).   Motion at 2-3.   Defendant argues that because Plaintiff does not allege any single repair attempt took more than thirty days, Plaintiff has not adequately pled a claim under this subsection.   *Id.* Plaintiff argues alleging a single repair attempt lasted more than thirty days is not required, and she has adequately pled this claim under the liberal "notice" pleading standard.   ECF No. 15, Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition") at 3.   Plaintiff also requests leave to amend if the Court should be persuaded by Defendant's arguments.   *Id*. at 12.

The relevant provision in this subsection states, "Unless the buyer agrees in writing to the contrary, the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days."   Cal. Civ. Code § 1793.2(b).   Defendant cites to *Schick v. BMW of North America*, *LLC*, an unpublished opinion from the Ninth Circuit, in support of its argument.   801 Fed. Appx. 519 (2020).   The *Schick* Court found that "any reasonable reading of the statute . . . requires only that BMW complete any *single* repair attempt within 30 days."   *Id.* at 521 (emphasis in original). Plaintiff argues because *Schick* is unpublished, it cannot be relied upon as precedent. Opposition at 11-12. Plaintiff also argues that this finding in *Schick* represents mere dicta. *Id*.

Although unpublished, *Schick* presents a reasonable interpretation of the Act and has been cited favorably by many district courts in California over the last three years. *See Herrera v. Ford Motor Co.*, No. 20-cv-00395-LHK, 2020 WL 3451328 at *4-5 (N.D. Cal. Jun. 24, 2020); *Hashmi v. Mercedes-Benz USA, LLC*, No. 21-cv-07291-AC-AFM, 2021 WL 8317124 at *7 (C.D. Cal. Dec. 28, 2021); *Glover v. Mercedes-Benz USA LLC*, No. 21-cv-01969-JDE, 2022 WL 2103001 at *3 (C.D. Cal. Jan. 28, 2022); *German v. Mercedes-Benz, LLC*, No. 21-cv-09587-SB-JC, 2022 WL 1407944 at *2 (C.D. Cal. Feb. 14, 2022); *Dean-Adolph v. Mercedes-Benz USA, LLC*,

No. 21-cv-08834-ODW-JEM, 2022 WL 815856 at *3 (C.D. Cal. Mar. 17, 2022); *Toobian v. Mercedes-Benz USA LLC*, No. 22-cv-07068-AB-AGR, 2022 WL 18276975 at *2 (C.D. Cal. Dec. 6, 2022); *Arriola v. Ford Motor Co.*, No. 22-cv-04602-SPG-JEM, 2022 WL 20611223 at *2-3 (C.D. Cal. Dec. 15, 2022); *Binafard v. Mercedes-Benz USA LLC*, No. 22-cv-07951-AB-PVC, 2023 WL 2559203 at *2 (C.D. Cal. Jan. 4, 2023); *Chillon v. Ford Motor Co.*, No. CV-22-2111-DSF-AGR, 2023 WL 3035369 at *2-3 (C.D. Cal. Feb. 21, 2023); *Gallegos v. Mercedes-Benz USA, LLC*, No. 22-cv-03324-JST, 2023 WL 3607279 at *6-7 (N.D. Cal. Mar. 6, 2023);  *Sarkesian v. Ford Motor Co.*, No. 22-cv-00966-AJB-MDD, 2023 WL 2994117 at *2-3 (S.D. Cal. Apr. 18, 2023); *Lemke-Vega v. Mercedes-Benz USA, LLC*, No. 23-cv-01408-DMR, 2023 WL 3604318 at *5 (N.D. Cal. May 22, 2023); *Abrot v. Mercedes-Benz USA, LLC*, No. 23-cv-02814-JLS-SK, 2023 WL 4681609 at *2-3 (C.D. Cal. Jun. 26, 2023); *McDonagh v. Am. Honda Motor Co., Inc.*, No. 23-cv-00350-AB-MRW, 2023 WL 5207474 at *2 (C.D. Cal. Jun. 29, 2023).

Indeed, at least one district court arrived at this interpretation of the statute before *Schick* was decided.  *See Ortega v. BMW of North Am., LLC*, No. 18-cv-06637-R-SK, 2019 WL 9044692 at *4 (C.D. Cal. Oct. 16, 2019).  This Court found only one district court decision which cited *Schick* unfavorably.  *See Guzzetta v. Ford Motor Co.*, No. 21-cv-09151-MEMF-PVC, 2023 WL 5207429 at *6-8 (C.D. Cal. Jul. 3, 2023).  Further, in 2020, the California Court of Appeals expressly declined to decide the issue of whether the thirty-day time frame was singular or cumulative. *Ramos v. Mercedes-Benz USA, LLC*, 55 Cal. App. 5th 220, 226 n.2 (2020) ("We have not been asked to decide whether the 30 days of failure to complete repairs must be 30 consecutive days.  For purposes of this appeal, we assume plaintiff proved the 30-day failure to repair requirement without deciding the question.").  With no contrary interpretation from the California Supreme Court or Court of Appeals, *Schick* remains a reasonable source for district courts to consider.

Accordingly, in line with the other district court decisions cited above, this

Court finds *Schick*'s reading of the statute persuasive.  Plaintiff does not plead the length of time accrued for any repair attempt in the FAC, nor does she make any factual allegations regarding how long it took for repairs to commence.  *See* ECF No. 10, FAC at 5-7, 12.  The allegations Plaintiff does make on this point are conclusory statements and "formulaic recitation of the elements of [this] cause of action." *Iqbal*, 556 U.S. at 678 (citation omitted).  As such, they are inadequate to state a claim under section 1793.2(b).  However, the Court will grant Plaintiff's request for leave to amend.  As this Order dismisses Plaintiff's third claim for relief, Defendant's motion to strike elements of the prayer for relief associated therewith is **DENIED** as moot. *See* Motion at 4-6.

## IV.  CONCLUSION

For the above reasons, Defendant's Motion to Dismiss Plaintiff's Third Claim for Relief is **GRANTED** without prejudice.  Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint curing the deficiency discussed herein.  Further, Defendant's Motion to Strike Portions of Plaintiff's FAC is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:    October 27, 2023

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-5-